```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
ER & JR PUB, INC. d/b/a LONG ISLAND CAFE,

                    Plaintiff,              MEMORANDUM & ORDER
                                            02-CV-6025(JS)(WDW)
        -against-

THE TOWN OF BABYLON, NEW YORK
by and through the Town Board of the
Town of Babylon, New York,

                    Defendant.
-------------------------------------X
APPEARANCES:
For Plaintiff:      Daniel A. Silver, Esq.
                    Silver & Silver LLP
                    One Liberty Square
                    New Britain, CT 06051

For Defendant:      Mark A. Cuthbertson, Esq.
                    Jessica P Driscoll, Esq.
                    Law Offices of Mark A. Cuthbertson
                    434 New York Avenue
                    Huntington, NY 11743
```

SEYBERT, District Judge:

In January 2005, the parties entered into a settlement agreement ("Settlement Agreement"). On October 18, 2005, the Court So Ordered the stipulation and closed the case.[1] Nearly four years after reaching settlement, Plaintiff filed its motion to alter the Judgment. Thereafter, Defendant filed its motion seeking enforcement of the judgment and sanctions against Plaintiff. For the reasons cited herein, the Court DENIES Plaintiff's motion. Furthermore, the Court GRANTS Defendant's

---

[1] For reasons that are not apparent from the record, the parties did not submit a stipulation of discontinuance until several months after the settlement was reached.

motion to enforce the Judgment and DENIES, without prejudice and with leave to renew, Defendant's motion for sanctions.

## BACKGROUND[2]

The Court presumes familiarity with the facts of this case. For purposes of this Memorandum and Order, the Court focuses solely on the terms of the Settlement Agreement. The Settlement Agreement provides in relevant part:

> 1. Except as hereinafter provided, ER & JR shall each cease to use or occupy the premise located and known as 770 Sunrise Highway, Babylon, New York, ("the Premise") for purposes of conducting any Adult Use on or before November 15, 2009 [the "Termination Date"]. For purposes of this Settlement Agreement, the term "Adult Use" shall be defined as any of the uses set forth in Section 213-377 of Article XXXI of the Zoning Code of the Town of Babylon . . . .
>
> 2. ER & JR warrants, covenants and represents that as of the date of this Settlement Agreement, the Premise, is employed exclusively for the purposes of conducting business as a cabaret featuring live performances by female dancers performing in a seminude state including, the exposure of the female breast but not including any portion of the female genitalia. ER & JR agrees that at no time prior to the Termination Date shall they change, alter, modify or expand the use of the Premise to include any other Adult Use as defined in Section 213-377 of the Zoning Code of the Town of Babylon.

---

[2] The Court presumes familiarity with the factual background and procedural posture of this case. The relevant facts for purposes of this Order are taken from the Settlement Agreement.

>3. In the event that ER & JR shall cease to occupy or own the Premise prior to November 15, 2009, or shall assign, sublet or transfer all or any portion of the Premise occupied by it prior to November 15,2009, the use of the Premise as an Adult Use shall cease immediately and the date of the cessation of occupancy or use of the Premise(s) or the assignment, subletting or transfer of all or part of the Premise shall be deemed to be the Termination Date. For purposes of this agreement, the sale, assignment or transfer of more than fifty (50%) percent of the outstanding shares issued by ER & JR shall be deemed to constitute a change of the identity of the corporation and occupant of the Premise.
>
>4. ER & JR shall not allow or construct any sexual explicit images or wording on or as exterior signage.

(Settlement Agreement ¶¶ 1-4.)

## DISCUSSION

I. <u>Rule 60(b): Motion For Relief from a Judgment</u>

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(B). Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986).

## II. <u>Plaintiff's Refusal to Comply with the Settlement Agreement</u>

Here, Plaintiff argues that it is entitled to relief under Rule 60(b)(5) and (6), and therefore, Plaintiff maintains that it need not comply with the terms of the Settlement Agreement. In fact, Plaintiff concedes that it has not complied with the terms of the Settlement Agreement. Its argument for relief from judgment essentially boils down to the following: "Other establishments are not complying with the Town Code, and the Town has not yet enforced the Code against these entities. Therefore, we should not be bound by the Settlement Agreement." This position defies common sense and contract law.

Putting aside the timeliness issues, Plaintiff's arguments are meritless and unsupported by any law or by the terms of the Settlement Agreement. Plaintiff cites <u>no ground</u> for altering the Court's previous Judgment. As part of the Settlement Agreement, the Town was <u>not required</u> to close all businesses violating the Town of Babylon Zoning Code. And the fact that the Town has not yet successfully closed these establishments does not render this Court's prior Judgment void or inequitable in its enforcement. Nor does it invalidate the contract entered into between the parties. <u>See</u> <u>Janneh v. OAF Com.</u>, 887 F.2d 432, 436 (2d Cir. 1989) (a settlement is a contract, and once entered into is binding and conclusive), <u>abrograted on other grounds by</u> <u>Digital Equip. Com. v. Desktop Direct, Inc.</u>, 511 U.S. 863 (1994).

First, the Town need not simultaneously enforce its Code against all violators. Just as a speeding motorist cannot avoid a speeding ticket by pointing to other speeders on the road, Plaintiff cannot escape its obligations under the Settlement Agreement because other businesses are violating the Town Code. Second, and more importantly, the Town was not bound by the Settlement Agreement to enforce the Code against other violators as a condition of Plaintiff's compliance therewith.[3]

---

[3] This assumes that the Town has not attempted to enforce the Code against other violators within its jurisdiction. Contrary to Plaintiff's blanket assertions, however, Defendant provides evidence that it has continued to

5

Thus, the Plaintiff is not entitled to relief, and its motion is DENIED.  Conversely, the Court finds that Defendant is entitled to enforce the Judgment, and accordingly GRANTS its motion seeking this relief.

CONCLUSION

For the reasons set forth above, Plaintiff's motion is DENIED.  Furthermore, Defendant's motion to enforce the Judgment is GRANTED, but its motion for sanctions is DENIED without prejudice and with leave to renew.  The parties are directed to update the Court within 30 days of the entry of this Order as to whether Plaintiff has complied with the terms of the Settlement Agreement.  If Plaintiff has not complied by that time, Defendant may renew its motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or both.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    September 17, 2010
          Central Islip, New York

---

enforce its Code against violators.  See, e.g., Felice Rubino v. Town of Babylon, 09-CV-5187 (action filed in this court less than one month ago, wherein the plaintiff alleges Section 1983 violations relating to the Town's enforcement of its adult use ordinances, which resulted in the closure of plaintiff's business, the Zodiac Lounge.)